**MINNIX, Plaintiff, v. BRANTNER, Defendant.**

Probate Court, Franklin County.

No. 147388.   Decided July 9, 1952.

Charles O. Weilbacher, Columbus, for plaintiff.
James B. Albers, Columbus, for defendant.

## DECISION ON PETITION TO DETERMINE HEIRSHIP

### OPINION

By McCLELLAND, J.

This matter originally arose on an application of Willet R. Minnix to have an administrator appointed on the estate of Bertha J. Minnix. During the pendency of that application it developed that the only recognized heir was in the Ohio Penitentiary and that there was a question as to whether Willet R. Minnix was the surviving spouse of the decedent. The Court refrained from appointing an administrator until the matter of an alleged common law marriage between Bertha J. Minnix and Willet R. Minnix was adjudicated. An original petition was filed which was followed by an amended petition on May 28, 1952, in which Willet R. Minnix alleged that he is the surviving spouse of the decedent and that by virtue thereof he is entitled to a share of the estate of Bertha J. Minnix who died without a will.

On hearing the evidence, the Court finds the following to be the facts: Bertha J. Minnix died on March 3, 1952, intestate, and her estate is being administered in this Court in case No. 147,388. Willet R. Minnix and Bertha J. Minnix became husband and wife by a ceremonial civil marriage on February 20, 1922. They lived together as husband and wife from that date until the date of her death, which occurred on March 3, 1952. In 1945, Bertha J. Minnix filed an action for divorce in the Common Pleas Court of Franklin County, Ohio, in case No. 38933, and on November 19, 1945, a divorce was granted and journalized. Willet R. Minnix was served with summons in that action and he and his wife entered into a separation agreement, which agreement was fully consummated and never set aside.

During the pendency of the divorce action the parties to that action lived together as husband and wife and continued to so live until her death at the date above mentioned. The testimony further discloses that Bertha J. Minnix at the time of her death was the owner in fee simple of a parcel of real estate located at 1087 Harrisburg Pike in Franklin County, Ohio, and another parcel of real estate known as 811 West Town Street, Columbus, Ohio.

The testimony further discloses that Bertha J. Minnix prior to her marriage to Willet R. Minnix, adopted one Harold E. Brantner, who is now living and who is confined in the Ohio Penitentiary.

The law governing the creation of a common law marriage is stated by the Supreme Court in **Markley v. Hudson, Vol 143 Ohio State Reports,** at **page 163,** the syllabi of which are as follows:

"1. An agreement to marry in praesenti, made by parties competent to contract, accompanied and followed by cohabitation, as husband and wife, with the result that they are treated and reputed as husband and wife in the community in which they reside, constitutes a common law marriage.

"2. While such agreement to marry in praesenti must be proved by clear and convincing evidence, it may be established by proof of the acts, declarations and conduct of the parties and their recognized status in the community in which they reside."

At page 169 of that report there is a quotation from a decision of the Supreme Court rendered in **Umbenhower v. Labus, 85 Oh St, page 238,** as follows:

"A mutual agreement of marriage in praesenti made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, as a result of which the parties are treated and reputed as husband and wife in the community in which they reside, constitutes a common law marriage."

The law relative to the degree of proof is also stated in the Markley case above referred to. At page 169 of that report we find the following language:

"While such agreement to marry *in praesenti* must be proved by clear and convincing evidence, it may be established by proof of the acts, declarations and conduct of the parties and by showing that the parties declared themselves to be husband and wife; that they transacted business with each other and with third persons as husband and wife; that they lived together and cohabitated as husband and wife for a series of years; and that they were so treated and reputed in the community and circle in which they moved."

We therefore must adhere to the rule that in order to sustain a common law marriage in the instant case, we must have that degree of proof which is clear and convincing.

At the termination of the hearing this Court was inclined to feel that a common law marriage had been established, but after examining the transcript of the evidence, examining the court decisions pertaining to the same, and giving the

same mature consideration, the Court has come to a different conclusion.

It is contended by Mr. Minnix that he didn't know of the divorce decree. Even though he might not have had actual knowledge of the entry of that decree, he certainly is charged constructively with knowledge of same, because he was served with summons in the action and was a party to the suit. Had this been a situation in which notice only was required, there might be some merit to his contention, but he was served with summons as a party to the action, and we therefore must come to the conclusion that he knew that a divorce decree had been entered by the court. Now going to the transcript of the testimony of Mr. Minnix, we find that the following question was asked by the Court:

"Q. When were you remarried?

"A. Well, we just considered ourselves married all the time —just considered the divorce didn't amount to anything—just considered ourselves married—just carried on as we always did."

It is therefore quite obvious from the testimony of Mr. Minnix himself that there never was a contract *in praesenti* to become husband and wife. His testimony negatives any such an allegation. We are also constrained to make a further observation that both Mr. and Mrs. Minnix had utter disregard for the jurisdiction of the court. They continued to live together as husband and wife during the entire pendency of that proceeding. Now when it comes to the establishment of a common law marriage, Mr. Minnix admits that there was no agreement in praesenti for the reason that he disregarded the divorce decree and failed to meet the requirements of a common law marriage. We have the further statement by one of the witnesses, which statement was not objected to by any of the parties, that Bertha J. Minnix said that she would never remarry Willet R. Minnix; that another certain man was the only one in whom she had any interest. We also have the further evidence that Bertha J. Minnix received the attentions of other men subsequent to the divorce.

Counsel for the respective parties have presented very persuasive briefs containing a statement of all the law of Ohio on the subject. The Court has considered and reconsidered them and after reviewing the testimony, reading the briefs and examining the authorities cited, the Court is compelled to come to the conclusion that there is not that degree of proof by the evidence submitted, to justify the court in declaring that there was a common law marriage.

It is therefore the finding of the Court that Willet R. Minnix

is not the surviving spouse of Bertha J. Minnix and is therefore not an heir and not entitled to the administration of her estate.

An order may be drawn accordingly.